NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY MOOSE,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner Social Security,<br><br>    Defendant-Appellee. | No.    16-35446<br><br>D.C. No. 1:15-cv-03022-FVS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted March 27, 2018**

Before:    FARRIS, CANBY, and LEAVY, Circuit Judges

Timothy Moose appeals the district court's decision affirming the

Commissioner of Social Security's denial of Moose's application for supplemental

security income benefits under Title XVI of the Social Security Act. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Brown-Hunter v. Colvin*,

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

806 F.3d 487, 492 (9th Cir. 2015), and we affirm.

Any error in failing to consider Oppositional Defiant Disorder at step two was harmless because the Administrative Law Judge (ALJ) properly considered all of Moose's impairments and limitations in evaluating whether Moose met any listings at step three and assessing Moose's Residual Functional Capacity (RFC). *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (holding that failure to consider an impairment at step two is harmless if the ALJ properly considered all impairments in the remaining steps of the disability analysis).

The ALJ's inclusion of restrictions to simple tasks, with only occasional changes in the work environment and with limitations in interactions with co-workers and the public, adequately accounted for the limitations in Dr. Kraft's opinion. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (explaining that the ALJ properly determined specific functional limitations based on the evidence in the record). The ALJ did not err by failing to include Dr. Kraft's additional recommendation of clear and non-confrontative supervision. *See Rounds v. Comm'r, Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (reasoning that the ALJ was not required to account for additional recommendations contained in a medical opinion when the ALJ properly accounted for the specific functional limitations in the opinion). Moose waived any challenge to the ALJ's assessment

of the opinions of Dr. Regets and Dr. Kester by failing to raise the issue before the district court. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

The ALJ provided several specific, clear, and convincing reasons to reject Moose's testimony regarding functional limitations arising from his lack of anger management and inability to interact appropriately with supervisors. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). First, the ALJ properly discredited Moose's testimony regarding the severity of his symptoms because of objective medical evidence showing a history of symptom exaggeration and benefits-seeking. *See Rounds*, 807 F.3d at 1006 (including evidence of secondary motivation in factors the ALJ properly relied on to discredit claimant testimony); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (concluding that the ALJ properly discredited claimant testimony based on medical evidence that the claimant exaggerated their symptoms). Second, the ALJ properly rejected Moose's testimony by relying on its inconsistencies with the objective medical evidence showing that Moose was capable of regular social interaction. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Third, the ALJ properly concluded that Moose's failure to seek treatment was due to disinterest rather than other explanations and discredited Moose's testimony because of his inadequately- explained failure to comply with medication and treatment recommendations. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)

16-35446

(including inadequately-explained failure to follow prescribed treatment among reasons that the ALJ may properly rely on to discredit claimant testimony). Fourth, the ALJ permissibly discredited Moose's testimony regarding the disabling effects of his poor anger management and inability to interact appropriately with supervisors because of its inconsistency with Moose's ability to spend time visiting with friends and interacting with others. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (including inconsistency with daily activities in the reasons that the ALJ may properly rely on to discredit claimant testimony).

Any error in evaluating the lay testimony of Ms. Crawford and in failing to discuss the testimony of Ms. Beaver was harmless because Ms. Crawford and Ms. Beaver's testimony regarding Moose's anger and inability to accept supervision were substantially similar to Moose's own testimony, and the ALJ's reasons for rejecting Moose's testimony regarding the limiting effects of his symptoms also apply to the lay testimony. *See Molina*, 674 F.3d at 1117 (concluding that any error in failing to discuss lay testimony is harmless when the lay testimony describes the same limitations as the claimant's testimony and the ALJ properly rejected the claimant's testimony).

**AFFIRMED.**